IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| WILBERT MEME,<br>    Plaintiff,<br><br>v.<br><br>IMMIGRATION and CUSTOMS<br>ENFORCEMENT,<br>    Defendant. | §<br>§<br>§<br>§<br>§  EP-23-CV-00233-DB<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER GRANTING IMMIGRATION AND CUSTOMS ENFORCEMENT'S MOTION TO DISMISS

On this day, the Court considered Defendant Immigration and Customs Enforcement's ("Defendant ICE's") "Response and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." Motion ("Mot.") ECF No. 8.[1] Defendant ICE argues that Plaintiff Wilbert Meme's ("Plaintiff's") Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1, should be denied. *Id.* Plaintiff filed a response, ECF No. 10, and Defendant ICE filed a timely reply, ECF No. 11.

In his Petition for Writ of Habeas Corpus, Plaintiff requests review from this Court because he has been detained for at least one year in immigration custody and has not had a bond hearing. Pet. ECF No. 1. Defendant ICE argues that Plaintiff's detention is mandatory under 8 U.S.C. § 1226(c) as long as his removal proceedings are pending, so his claim should be dismissed. ECF No. 8. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted and therefore grants Defendant ICE's Motion to Dismiss.

---

1 "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

## BACKGROUND

Plaintiff filed his Petition for Writ of Habeas Corpus on June 15, 2023. Pet. ECF No. 1. Plaintiff is seeking relief from his confinement in immigration custody because he has been continuously confined and has not received a bond hearing. *Id.* at 2. Plaintiff is a native and citizen of Haiti. Mot. 1, ECF No. 8. Plaintiff was charged with and convicted of access device fraud, aggravated identity theft, and possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(2), 1028A(a)(1), and 1029(a)(3). *Id.* at 2. Plaintiff received 39 months in federal prison for these offenses. *Id.*; *See also* Judgment in a Criminal Case, *United States v. Wilbert Meme*, No. 1:18-CR-20828 (S.D. Fla., Miami Div., Aug. 14, 2019), ECF No. 62. On September 9, 2021, while serving his prison sentence, Plaintiff was issued a Notice to Appear, charging him as a removable alien under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M), relating to an offense involving fraud or deceit for which the loss to the victim(s) exceeded $10,000. Mot. 2, Ex. A (Estrada Declaration "Decl."), ECF No. 8.

While serving his federal prison sentence, removal proceedings against Plaintiff began. Mot. Ex. A (Estrada Decl.), ECF No. 8. Plaintiff's first removal hearing was held on November 2, 2021. *Id.* On April 8, 2022, after serving his federal prison sentence, Plaintiff was released from the custody of the Bureau of Prisons to ICE custody at the El Paso Processing Center in El Paso, Texas. *Id.* On August 16, 2022, while pending removal proceedings, Plaintiff's United States citizen spouse "filed an I-130 Petition for Alien Relative on his behalf." *Id.* That petition was eventually denied, and Plaintiff requested multiple continuances. *Id.* Plaintiff acknowledges he is still in removal proceedings. Pet. 3, ECF No. 1.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 663—64 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "demands more than an unadorned . . . accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

"A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [other side] is liable for the misconduct alleged." *Id.* Consistent with Rule 8(a)(2)'s requirement that the complaint "show" and not merely allege that a party is entitled to relief, the well-pleaded facts must do more than "permit the court to infer . . . the mere possibility of misconduct." *Id.* Thus, "conclusory statements are 'not entitled to the assumption of truth.'" *Williams-Boldware v. Denton Cty., Tex.*, 741 F.3d 635, 644 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Wilbert Meme charges Immigration and Customs Enforcement with unlawfully detaining him and failing to provide him with a bond hearing in violation of his due process rights. Pet. 3, 7, ECF No. 1. He asks this Court to "speed up the case cause the U.S. Constitution requires that I be give (*sic*) a bond hearing before an immigration judge and I have not get (*sic*) bond hearing in 14 months. So I'm asking the court approve this petition." Pet. 8, ECF No. 1. Defendant ICE contends that Plaintiff is being held under the mandatory detention statute of the Immigration and Nationality Act ("INA") and his confinement is constitutional. Mot.1, 4, ECF No. 8. Plaintiff's pleadings do not survive Defendant ICE's Rule 12(b)(6) motion because his Petition for Writ of Habeas Corpus does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

1. **Plaintiff has not shown how his detention is unlawful under § 1226(c) and the Court cannot grant Plaintiff the relief he is seeking.**

The detention of immigrant aliens in the United States goes back many decades. There is a long tradition of holding immigrant aliens in detention when public policy urges it, and government officials such as the Attorney General have wide discretion to hold immigrant aliens in detention if necessary. *Carlson v. Landon*, 342 U.S. 524, 540 (1952). That is not to say that their power is without limits, but Congress intended "to make the Attorney General's exercise of discretion presumptively correct and unassailable except for abuse." *Carlson*, 342 U.S. at 540. The standard used to challenge the Attorney General's detention of certain immigrant aliens is an abuse of discretion standard. *Id.*

Certain provisions of the law allow the Attorney General or other immigration officials to take into custody certain groups of immigrant aliens who are already in the United States. The law is clear and states "[o]n a warrant issued by the Attorney General, an alien may

be arrested and detained pending a decision on whether the alien is to be removed from the United States." Apprehension and Detention of Aliens, 8 U.S.C. § 1226(a). The only exception to this provision of the statute is subsection (c), which provides for the detention of *criminal* aliens. Section 1226(c) refers to aliens who are deportable or inadmissible based on a crime they have committed, and § 1226(c)(2) refers to their release. For immigrant aliens held under § 1226(c), release is possible by the Attorney general

> [O]nly if the Attorney General decides pursuant to section 3521 of title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.

8 U.S.C. § 1226(c)(2).

Plaintiff is being detained pursuant to 8 U.S.C. § 1226(c) of the INA, which applies to immigrant aliens in the United States who have been convicted of crimes under certain provisions of the United States Code. Plaintiff was charged with and convicted of access device fraud, aggravated identity theft, and possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(2), 1028A(a)(1), and 1029(a)(3). Mot. 2, ECF No. 8. Plaintiff received 39 months in federal prison for these offenses. *Id.*; *see also* Judgment in a Criminal Case, *United States v. Wilbert Meme*, No. 1:18-CR-20828 (S.D. Fla., Miami Div., Aug. 14, 2019), ECF No. 62. In his filing, Plaintiff asserts that, as of April 2023, he had been detained for at least fourteen months. Pet. 7, ECF No. 1. Defendant ICE does not disagree with his claim. Mot. 7, ECF No. 8. This incarceration, while lengthy, is permitted by law and, in fact, mandatory because Plaintiff is not requesting release based on witness protection. *See* 8 U.S.C. § 1226(c)(2).

Congress, in its passage of § 1226(c) was concerned with deportable criminal aliens not appearing for their removal hearings, and so it exercised its broad power over naturalization and immigration. *Demore v. Kim*, 538 U.S. 510, 511 (2003). While it might be unlawful for a U.S. citizen to remain incarcerated for a period of fourteen months, or longer, without a bond hearing, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 511 (quoting *Mathews v. Diaz*, 426 U.S. 67, 79—80 (1976)). And, although "the Fifth Amendment entitles aliens to due process in deportation proceedings, detention during such proceedings is a constitutionally valid aspect of the process." *Demore*, 538 U.S. at 511 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993) and *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).

Plaintiff argues that he is entitled to a bond hearing every 180 days. Resp. 2, ECF No. 10. Although some Circuit Courts previously used this standard, *Jennings v. Rodriguez* eliminated this right to periodic bond hearings. 138 S.Ct. 830 (2018); *see Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003); *see Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015). Therein, the Supreme Court held that Sections 1225(b), 1226(a), and 1226(c) "do not give detained aliens the right to periodic bond hearings during the course of their detention." *Jennings*, 138 S.Ct. at 834.

The Ninth Circuit Court of Appeals, by employing the canon of constitutional avoidance, previously construed §§ 1225(b), 1226(a), and 1226(c) "to limit the permissible length of an alien's detention without a bond hearing." *Jennings*, 138 S.Ct. at 842. The Supreme Court disagreed and found that the Ninth Circuit Court of Appeals "misapplied the canon in this case because its interpretations of the three provisions at issue here are implausible." *Id.* The Supreme Court unequivocally held that "subject only to express

6

exceptions, §§ 1225(b) and 1226(c) authorize detention until the end of applicable proceedings." *Id.* Because Plaintiff is not in witness protection and thus not entitled to relief under 8 U.S.C. 1226(c)(2) and because he is still in removal proceedings, under *Jennings* he does not have a right to a bond review, despite the length of his detention. *See* 138 S.Ct. 830.

The Court is unable to grant Plaintiff the relief that he is seeking. The law simply does not allow it. The Attorney General has the sole authority to release an immigrant alien from custody under § 1226(c)(2). *Jennings*, 138 S.Ct. at 835. Section 1226(c)(2) is clear as to the circumstances under which an immigrant alien may be released from detention, but because Plaintiff is not claiming witness protection, these circumstances do not apply to him. *See* 8 U.S.C. § 1226(c)(2).

## CONCLUSION

Defendant ICE's Motion for Dismissal will therefore be granted because Plaintiff failed to state a claim upon which relief can be granted.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Immigration and Customs Enforcement's "Motion to Dismiss," ECF No. 8, is **GRANTED**.

SIGNED this 27th day of **September 2023.**

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE